UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICKIE L. JOHNSON, SR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00570-JPH-MJD |
| | ) | |
| S. SCHAEFFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Leave to Amend,
Screening, and Directing Service of Process**

Rickie Johnson, Sr., an inmate at Wabash Valley Correctional Facility,
brought this civil action alleging that the defendants failed to protect him from
an inmate assault and were deliberately indifferent to his serious medical need.
Before the Court screened his original complaint, Mr. Johnson moved for leave
to file an amended complaint. That motion, dkt. [15], is **GRANTED**. The **clerk is
directed** to docket the proposed amended complaint, dkt. [15-1], as the
Amended Complaint in this action. It is now the operative complaint in this
action.

## I. Screening Standard

Because Mr. Johnson is a prisoner, the Court must screen the amended
complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To
determine whether a complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Johnson sues three defendants: (1) S. Schaeffer; (2) Ms. Marshel; and (3) Warden Frank Vanihel. He seeks compensatory and punitive damages.

Mr. Johnson alleges that two other Wabash Valley inmates attacked him outside by a dumpster, leaving him with a cut on his head and swelling of his face and eye. Dkt. 15-1 at 3, ¶¶ 12–13. Another inmate blocked the camera while Mr. Johnson was assaulted, and a fourth inmate blocked the door where Mr. Johnson could have escaped. *Id.*, ¶ 12.

Mr. Johnson alleges that the cut on his head "bled profusely." *Id.*, ¶ 13. When Mr. Johnson came back inside, Officer Schaeffer saw the injuries and asked what had happened. *Id.*, ¶ 14. Mr. Johnson told Officer Schaeffer about the assault, but Officer Schaeffer directed Mr. Johnson to return to his cell

2

instead of the medical unit. *Id.* at 4, ¶¶ 14–15. Officer Schaeffer did not "call a signal for fighting." *Id.*, ¶ 16.

Mr. Johnson was assaulted another time in the presence of Officer Schaeffer and Ms. Marshel, but neither staff member called a signal for fighting, and Officer Schaeffer again directed Mr. Johnson to return to his cell. *Id.*, ¶ 17.

Mr. Johnson alleges that officers at Wabash Valley have a practice of not calling signals after fights so they do not have to write out incident reports and conduct reports. *Id.* at 4, ¶¶ 18–19. Warden Vanihel has allowed this practice. *Id.* at 5, ¶ 19.

### III. Discussion of claims

Applying the screening standard to the facts alleged in the amended complaint, certain claims in the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

### A.     Failure to protect

Mr. Johnson contends that Officer Schaeffer and Ms. Marshel failed to protect him from attack. "[F]ailure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare effectively condones the attack by allowing it to happen." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (cleaned up). To state a claim of deliberate indifference, Mr. Johnson must allege facts to allow an inference that (1) the "harm to which the prisoner was exposed must be an objectively serious one," and (2) the defendant had "actual, and not merely

constructive, knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).

Here, Mr. Johnson does not allege that Officer Schaeffer had actual knowledge of the first attack in time to protect him. As for the second attack, Mr. Johnson alleges no details about when the attack occurred, how long it lasted, whether the officers could have intervened, or the extent of his injuries, if any. He has therefore failed to state a failure-to-protect claim against Officer Schaeffer or Ms. Marshel upon which relief may be granted.

## B.    Prison practices

Mr. Johnson alleges that Warden Vanihel maintained a practice of allowing officers to not write conduct and incident reports for inmate-on-inmate violence.

"Individual defendants . . . who are responsible for setting prison policy can be held liable for a constitutional violation if they are aware of a systematic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy."[1] *Sdinn v. Lemmon*, 911 F.3d 412, 423 (7th Cir. 2018). But to state a viable claim against any defendant for deliberate indifference, a plaintiff must allege "that he [was] incarcerated under conditions posing a substantial

---

[1] Mr. Johnson frames this as a claim under the theory of municipal liability outlined in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See* dkt. 15-1 at 1. That theory of liability does not apply to individual defendants. *See Jones v. Wexford Health Sources, Inc.*, 1:19-cv-655-JPH-DLP, 2021 WL 981323, at *4 (S.D. Ind. Mar. 16, 2021). But at screening, the Court assesses a *pro se* complaint based on the facts alleged, not the legal theories asserted. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) ("[C]ourts are supposed to analyze a litigant's claims and not just the legal theories that he propounds—especially when he is litigating pro se." (citations omitted)).

risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A supervisor's knowledge of the general risk of violence in prison is not enough. *Brown v. Budz*, 398 F.3d 904, 909–10 (7th Cir. 2005) ("A failure to protect claim may sound against even a 'high-level' official so long as the averred risk is specific to a detainee, and not a mere general risk of violence.").

Here, the Court has found that Mr. Johnson has failed to allege a constitutional violation with respect to the officers for failure to protect, so he cannot pursue a claim against Warden Vanihel.   Moreover, Mr. Johnson does not allege that Warden Vanihel knew of any greater-than-baseline risk of violence to himself or the inmates at Wabash Valley. So, for that additional reason, he has failed to state a failure-to-protect claim against Warden Vanihel.

### C.    Deliberate indifference to serious medical need

Mr. Johnson contends that Officer Schaeffer and Ms. Marshel were deliberately indifferent to his serious medical need. "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Mr. Johnson alleges that, after the first attack, he had a laceration on his head that "bled profusely" and swelling of his face and eye. Dkt. 15-1 at 3, ¶ 13. The injuries were bad enough that, when he came back inside after the assault, Officer Schaffer noticed them and asked what had happened. *Id.*, ¶ 14. Despite seeing Mr. Johnson's injuries, Officer Schaffer refused to allow him to be seen by medical. *Id.* Taking the allegations as true, Mr. Johnson has stated a claim for deliberate indifference against Officer Schaffer with respect to the first attack. *See Williams v. Stauche*, 709 F. App'x 830, 834 (7th Cir. 2017) (finding that allegations of only "scraped elbows, swollen cheeks, split lips, and lacerations not requiring stitches" did not establish an objectively serious medical need). This claim will proceed against Officer Schaeffer in his individual capacity only.

However, because Mr. Johnson does not include any allegations regarding the injuries he suffered after the second attack, he cannot proceed with a medical deliberate indifference claim against Ms. Marshel.

### IV. Conclusion and Directing Service of Process

The **only claim that will proceed** in this action is an Eighth Amendment medical deliberate indifference claim against Officer Schaeffer in his individual capacity relating to the first attack. **All other claims are DISMISSED** for failure to state a claim on which relief may be granted.

The **clerk is directed** to terminate Ms. Marshel and Warden Vanihel as defendants.

The **clerk is also directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant S. Schaeffer in the manner specified by Rule 4(d). Process

shall consist of the amended complaint, dkt. [15-1], applicable forms (Notice of

Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of

Summons), and this Order.

**SO ORDERED.**

Date: 4/19/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICKIE L. JOHNSON, SR
911652
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

S. Schaeffer
C/O Wabash Valley Correctional Facility
6908 S. Old US Highway 41
P.O. Box 500
Carlisle, IN 47838